UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BONDARY MCCALL, | : | |
| VAUGHN MARK CURTIS, | : | CIVIL NO: 3:10-CV-01121 |
| WILLIE BROWN, | : | |
| EDMOND GASAWAY and | : | (Judge Nealon) |
| JAYCEE WISE, | : | |
| | : | (Magistrate Judge Smyser) |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| | : | |
| NFN MARTINEZ, | : | |
| DAVID EBBERT, | : | |
| NFN DEWALD and | : | |
| KEVIN BITTENBENDER, | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

The complaint in this case was filed on May 25, 2010. Although the complaint is purportedly brought by five plaintiffs, only one of the plaintiffs - Bondary McCall - signed the complaint. Also only McCall filed an application to proceed *in forma pauperis.* Since the other purported plaintiffs have not signed the complaint or filed applications to proceed *in forma pauperis*, we will recommend that they be dismissed as parties.

We review the complaint pursuant to 28 U.S.C. § 1915A

which provides, in pertinent part:

> **(a) Screening.**- The court shall review,
> before docketing, if feasible or, in any
> event, as soon as practicable after docketing,
> a complaint in a civil action in which a
> prisoner seeks redress from a governmental
> entity or officer or employee of a
> governmental entity.
> **(b) Grounds for dismissal.**- On review,
> the court shall identify cognizable claims or
> dismiss the complaint, or any portion of the
> complaint, if the complaint-
> (1) is frivolous, malicious, or fails to
> state a claim upon which relief may be
> granted; or
> (2) seeks monetary relief from a
> defendant who is immune from such relief.

The complaint names as defendants four officials of the

Federal Correctional Complex at Allenwood.  The plaintiff

alleges that the defendants have seized legal papers deemed

prohibited under a newly enacted policy issued by defendants

Martinez and Ebbert.  He alleges that he[1] received an incident

report from defendant Dewald and was sanctioned by defendant

Bittenbender.  He alleges that the defendants have conferred

---

1.  The allegations of the complaint are generally framed to apply
to all the plaintiffs.  Since we have concluded that only McCall is
a proper plaintiff, we summarize the allegations as applicable only
to him.

2

together to used federal statutes[2] or Bureau of Prisons program

statements for their benefit.  He alleges that such was

unconstitutional as applied to him.  He alleges that "[t]here

existed no contract, consent or assent of any constitutional or

Congressional authority used by the defendant that compel

plaintiffs' performance to their statute."  He alleges that he

is not bound to perform in any way to the defendants.  He

declares his "status as foreign to and not subject to/by the

status "person," "statute staple," "chattel property,"

"citizen," "whoever," "resident," "taxpayer," "subject," and or

any other titles under statutes, rules, regulations, policies,

---

2.  The plaintiff cites two criminal statutes - 18 U.S.C. § 119 and
18 U.S.C. §1521.  18 U.S.C. § 119 makes it a crime to knowingly
make restricted personal information about a covered person or a
member of the family of a covered person publically available with
the intent to threaten, intimidate or incite the commission of a
crime of violence against that covered person or a member of the
family of that covered person or with the intent and knowledge that
the restricted personal information will be used to threaten,
intimidate or facilitate the commission of a crime of violence
against that covered person or a member of the family of that
covered person.  18 U.S.C. § 1521 makes it a crime to file, attempt
to file or conspire to file in any public or private record which
is generally available to the public any false lien or encumbrance
against the real or personal property of a covered person on
account of the performance of official duties of that person,
knowing or having reason to know that such lien or encumbrance is
false or contains any materially false, fictitious or fraudulent
statement or representation.

common usages of the corporate: UNITED STATES OF AMERICA,
and/or other corporate governmental body whatsoever, <u>without a
valid contract</u>."  The plaintiff is seeking monetary damages as
well as declaratory and injunctive relief.

"Under Federal Rule of Civil Procedure 8(a)(2), a
pleading must contain a 'short and plain statement of the claim
showing that the pleader is entitled to relief.'" *Ashcroft v.
Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by
Rule 8(a)(2) need only give the defendant fair notice of what
the plaintiff's claim is and of the grounds upon which it
rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed
factual allegations are not required. *Bell Atlantic Corp. v.
Twombly*, 550 U.S. 544, 555 (2007).  However, more is required
than labels, conclusions and a formulaic recitation of the
elements of a cause of action. *Id.*  "In other words, a
complaint must do more than allege the plaintiff's entitlement
to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d
Cir. 2009).  "A complaint has to "show" such an entitlement
with its facts." *Id.*  "While legal conclusions can provide the
framework of a complaint, they must be supported by factual
allegations." *Ashcroft, supra,* 129 S.Ct. at 1950.  "When there

4

are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

The plaintiff has not identified the policy under which he was allegedly punished or how that policy or his punishment allegedly violated his constitutional rights.  The plaintiff has not pled facts which reasonably lead to inference that the defendants have violated his rights.  Accordingly, the complaint fails to state a claim upon which relief may be granted.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).

Although the nature of the plaintiff's claims is not clear from the complaint, from other documents that the plaintiff has filed it is clear that the plaintiff is challenging a Bureau of Prisons policy banning prisoners from possessing Uniform Commercial Code (UCC) materials. *See Docs. 2 & 5.*  The plaintiff claims that such policy violates his rights under the First Amendment.

6

In *Monroe v. Beard,* 536 F.3d 198 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit analyzed a Pennsylvania policy declaring *inter alia* all UCC forms and documents relating to UCC filings as contraband.  The Third Circuit held that the district court had properly granted summary judgment to the prison officials on the prisoners' claim that that policy violated their First Amendment rights. *Id.* at 209.

Although *Monroe* dealt with a state policy, there is no reasonable basis to conclude that the result would be different with respect to the federal policy at issue in this case. Accordingly, we conclude that it would be futile to allow the plaintiff to amend his complaint.

We will recommend that the complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Given our conclusion that the complaint fails to state a claim upon which relief may be granted, we will also recommend that the plaintiff's motions for a preliminary injunction and a temporary restraining order be denied.

7

Based on the foregoing, it is recommended that Vaughn Mark Curtis, Willie Brown, Edmond Gasaway and Jaycee Wise be dismissed as plaintiffs.  It is further recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted, that the plaintiff's motions (docs. 2 & 5) for a preliminary injunction and a temporary restraining order be denied, and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  June 17, 2010.