IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BONDARY McCALL, et al.,                    :
                    Plaintiffs              :
                                            :        CIVIL NO. 3:10-cv-1121
         v.                                 :
                                            :        (Judge Nealon)
NFN MARTINEZ, et al.,                       :        (Magistrate Judge Smyser)
                    Defendants              :

MEMORANDUM & ORDER

On May 26, 2010, Bondary McCall, Vaughn Mark Curtis, Willie Brown, Edmon[1]

Gasaway, and Jaycee Wise, inmates confined at the Federal Correctional Institute ("FCI")

Allenwood, filed a civil rights complaint against NFN Martinez, David Ebbert, NFN Dewald,

Kevin Bittenbender of the U.S. Department of Justice, and the Bureau of Prisons ("BOP"). (Doc.

1). The Complaint, signed only by Bondary McCall, challenged BOP policy banning Plaintiffs'

legal papers as prohibited Uniform Commercial Code ("UCC") related material and their

resulting violations for possession thereof. (Docs. 1, 2). McCall filed two motions for leave to

proceed in forma pauperis. (Docs. 3, 7). He also filed a motion for hearing and a motion for a

temporary restraining order ("TRO"). (Docs. 2, 5). On June 17, 2010, Magistrate Judge J.

Andrew Smyser issued a Report recommending that Vaughn Mark Curtis, Willie Brown, Edmon

Gasaway, and Jaycee Wise be dismissed as parties because they did not sign the Complaint or

file applications to proceed in forma pauperis. (Doc. 11). Further, having reviewed the

Complaint pursuant to 28 U.S.C. § 1915A, Magistrate Judge Smyser recommended that it be

---

[1]The Complaint and docket reflect the spelling of this Plaintiff's name to be "Edmond Gasaway"; however, in his objection to the Report, Plaintiff Gasaway spells his first name "Edmon." (Doc. 19).

dismissed for failing to state a claim and that the pending motions for a hearing and a TRO be denied. (Id.).  Plaintiff McCall filed several objections to the Report, (Docs. 16-18, 20-22), and, on July 7, 2010, Plaintiff Gasaway filed an objection. (Doc. 19).  Having reviewed the Report and for the reasons set forth below, the Report and Recommendation ("R&R") will be adopted in part and the Complaint will be dismissed.

**Background**

The Complaint alleged that Defendants unlawfully seized legal papers pursuant to a BOP policy enacted by Defendants Martinez and Ebbert. (Doc. 1, ¶ 12).  Plaintiffs claimed that after they received incident reports, Defendants ignored their "Affidavit of Denial of Corporate Existence." (Id. at ¶¶ 13-14).  The Complaint alleged that "[t]here existed no contract, consent, or assent of any constitutional or Congressional authority used by the defendant that compel [sic] Plaintiffs' performance to their statute." (Id. at ¶ 15).  Plaintiffs allege that they:

> are not bound to perform in any way to Respondents.  Plaintiffs hereby declares [sic] their status as foreign to and not subject to/by the status "person," "statute staple," "chattel property," "citizen," "whoever," "resident," "taxpayer," "subject," and or any other titles under statutes, rules, regulations, policies, common usages of the Corporate: UNITED STATES OF AMERICA, and/or other corporate governmental body whatsoever, **without valid contact.**

(Doc. 1, ¶ 16) (emphasis in original).

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made.  Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination

where only a general objection to the report is offered would undermine the efficiency the

magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S.

Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.).  If no objections are made to a report, the district

court is not required to review the magistrate judge's factual or legal conclusions under a de novo

or any other standard.  Thomas v. Arn, 474 U.S. 140, 149 (1985).  Nevertheless, it is better

practice to afford some level of review to dispositive legal issues raised by the report.  Peter v.

Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.) (citing Henderson v.

Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987)).  In the absence of

objections, review may properly be limited to ascertaining whether there is clear error that not

only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public

reputation of judicial proceedings.  Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998)

(Vanaskie, J.); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating

"the district court need only review the record for plain error or manifest injustice").  The district

court may accept, reject, or modify, in whole or in part, the findings and recommendations

contained in the report.  28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

Initially, Magistrate Judge Smyser recommended that because only Bondary McCall

signed the Complaint and filed an application to proceed in forma pauperis, the other Plaintiffs

should be dismissed as parties.  (Doc. 11, p. 1).  There being no objections from Vaughn Mark

Curtis, Willie Brown, or Jaycee Wise and in the absence of clear error, this recommendation will

be adopted as to these Plaintiffs.  See FED. R. CIV. P. 11(a).

However, Edmon Gasaway filed an objection to the R&R alleging that due to inmate

3

placement, he was unable to sign the Complaint. (Doc. 19, Objections #1 and #2). Additionally,

he requests that this Court construe his objection as a motion to proceed in forma pauperis. (Id.).

Because Gasaway has now demonstrated his willingness to join in this action, his request to

proceed in forma pauperis will be granted and he will not be terminated as a party prior to

screening.[2] Cf. Thompson v. Howard, 2009 U.S. Dist. LEXIS 107618, *6 (W.D. Pa. 2009)

(dismissing the plaintiffs, who did not sign the complaint or file motions to proceed in forma

pauperis, because they did not "demonstrate their willingness to join this case as plaintiffs").

The Report discussed a court's screening duties pursuant to 28 U.S.C. § 1915A. (Doc.

11, p. 2). The statute provides:

> (a) Screening. The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which
> a prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.

> (b) Grounds for dismissal. On review, the court shall identify cognizable claims or
> dismiss the complaint, or any portion of the complaint, if the complaint--
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be
> granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a), (b) (screening of civil actions in which a prisoner seeks redress from a

governmental defendant); see also 28 U.S.C. § 1915 (proceedings in forma pauperis). Magistrate

Judge Smyser explained that Federal Rule of Civil Procedure 8(a)(2), requires that a pleading

contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

(Doc. 11, p. 4) (citing FED. R. CIV. P. 8(a)(2); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)).

The Report cited numerous cases discussing the pleading standard, including the holding that

---

[2]Plaintiff Gasaway's claims are essentially the same as those raised by Plaintiff McCall;
therefore, the Magistrate Judge's analysis is applicable to both Plaintiffs.

allows for liberal construction of a <u>pro se</u> complaint. (Docs. 11, pp. 4-5) (citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).  Magistrate Judge Smyser determined that Plaintiff "has not identified the policy under which he was allegedly punished or how that policy or his punishment allegedly violated his constitutional rights", nor has he "pled facts which reasonably lead to inference that the defendants have violated his rights." (<u>Id.</u> at p. 6).  Accordingly, the Report concluded "that the complaint fails to state a claim upon which relief may be granted." (<u>Id.</u>).

Further, Magistrate Judge Smyser recognized that the court should generally grant a plaintiff leave to amend his complaint before dismissal for failure to state a claim, unless such amendment would be inequitable or futile. (Doc. 11, p. 6) (citing <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 114 (3rd Cir. 2002)).  The Report explained that Plaintiff's challenge to BOP policy banning inmates from possessing UCC materials under the First Amendment is not cognizable. (<u>Id.</u> at pp. 6-7) (citing <u>Monroe v. Beard</u>, 536 F.3d 198 (3d Cir. 2008)).  Accordingly, Magistrate Judge Smyser determined that an amendment would be futile.  The Report recommended that the Complaint be dismissed and all pending motions be denied. (<u>Id.</u> at p. 7).

Plaintiff McCall filed objections to the R&R, arguing that he never consented to any proceedings by a Magistrate Judge. (Doc. 16, 17).  Pursuant to 28 U.S.C. § 636(b)(1), however, Plaintiff's consent is not required.  Section 636(b)(1)(B) provides that "a judge may also designate a magistrate [magistrate judge] to conduct hearings ... and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of ... prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B).  Specifically, the Federal Magistrate Act allows for "nonconsensual referrals of pretrial but

case-dispositive matters under § 636(b)(1), which leave[s] the district court free to do as it sees fit with the magistrate judge's recommendations." Roell v. Withrow, 538 U.S. 580, 585 (2003). Accordingly, Plaintiff McCall's objection on this basis will be overruled.

Plaintiff McCall also raises a completely new claim in his objections to the R&R, which was not included in the Complaint. See (Doc. 20). He alleges that Defendants seized or refused to release Plaintiff's legal documents in retaliation for filing administrative remedies and/or a civil suit. (Id.). Plaintiff McCall claims that he was injured by these alleged retaliatory actions because they impeded "his ability to present his claims in several transactions; closing several contracts; and honor several obligations that included filing Bond under E Supplemental Rules of the Admiralty Rules." (Id.). The Complaint did not elude to any retaliatory actions; rather, it challenged a prison "policy" regarding prohibited items. (Doc. 1). Because this claim differs from the allegations in the Complaint and does not address the Magistrate Judge's findings and recommendations in the Report, it is not properly presented as an objection to the R&R and will be overruled.

Plaintiff Gasaway objects to the Report's determination that the Complaint fails to state a claim, arguing that he met the notice pleading standard and focusing on the purported importance of the UCC "to our way of life as a Nation." (Doc. 19, Objections #3 and #5). He contends, "[r]estricting Plaintiff(s) of their First Amendment rights to possess, utilized [sic] or even engage in the commercial law arena of this nation, would be a step back into the days of slavery...." (Id., Objection #5) (citing Turner v. Safley, 482 U.S. 78 (1987)). The United States Supreme Court, in Turner, held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner, 482 U.S.

at 89 (explaining the relevant factors in determining the reasonableness of the regulation at issue).

In <u>Monroe</u>, the Third Circuit Court of Appeals addressed a similar claim to the one presented in the instant action. <u>Monroe</u>, 536 F.3d 198. Therein, the plaintiffs alleged that their constitutional rights were violated by the defendants' confiscation of their legal materials, including UCC publications. <u>Id.</u> Applying <u>Turner</u>, the Court affirmed the District Court's decision to dismiss the complaint "[b]ecause the plaintiffs [did] not establish[] that the defendants' confiscation of their materials violated their constitutional rights." <u>Id.</u> at 202. The Court concluded that "under the <u>Turner</u> threshold inquiry, the defendants have shown that the DOC policy and the ... confiscation of plaintiffs' materials were reasonably related to their interest in protecting government officials from fraudulent liens." <u>Id.</u> at 208 (citing <u>Turner</u>, 482 U.S. 78; <u>Jones v. Brown</u>, 461 F.3d 353, 358 (3d Cir. 2006)); <u>see also</u> <u>Edmonds v. Sobina</u>, 296 Fed. Appx. 214, 217 (3d Cir. 2008) ("DOC policy, which restricts an inmate's possession of UCC-related materials, does not violate [the] First Amendment right to possess legal materials."). Consequently, Plaintiff Gasaway's objections #3 and #5 will be overruled.

Lastly, both Plaintiffs object to Magistrate Judge Smyser's conclusions that they should not be permitted to amend the complaint and that an amendment would be futile. (Docs. 19, Objection #4; Doc. 20). Plaintiff Gasaway asserts that "the <u>court must</u> grant" the parties an opportunity to amend the complaint. (Doc. 19, Objection #4) (emphasis in original); <u>citing</u> <u>Castro v. United States</u>, 540 U.S. 375 (2003). Although his reliance on <u>Castro</u> is misplaced because that Court was addressing a habeas petition under 28 U.S.C. § 2255, the courts have held that an amendment must be permitted, unless it would be inequitable or futile. <u>See</u> 28 U.S.C. §

2255(h) (precluding a petitioner from filing a second or successive petition without permission of the appropriate court of appeals); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, Magistrate Judge Smyser determined that an amendment would be futile. (Doc. 11, p. 7). Having reviewed the pleadings, and in accordance with Monroe, 536 F.3d 198, this Court will adopt the Magistrate Judge's finding.

**Conclusion**

Vaughn Mark Curtis, Willie Brown, and Jaycee Wise will be dismissed as parties for failing to sign the Complaint and/or file applications to proceed in forma pauperis. Edmon Gasaway's request that his objection to the R&R also serve as an application to proceed in forma pauperis will be granted. The objections filed by Plaintiff Gasaway and Plaintiff McCall will be overruled. In accordance with the Third Circuit Court of Appeals decision in Monroe, 536 F.3d 198, Magistrate Judge Smyser's recommendations that the complaint be dismissed for failure to state a claim and that no amendment be permitted because it would be futile will be adopted.

/s/   William J. Nealon
**United States District Judge**

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BONDARY McCALL, et al.,          :
            Plaintiffs           :
                                 :    CIVIL NO. 3:10-cv-1121
        v.                       :
                                 :    (Judge Nealon)
NFN MARTINEZ, et al.,            :    (Magistrate Judge Smyser)
            Defendants           :

## ORDER

AND NOW, this 8ᵗʰ day of NOVEMBER, 2010, **IT IS HEREBY ORDERED THAT:**

1.  The Report and Recommendation (Doc. 11) is **ADOPTED in part;**

    A.  Vaughn Mark Curtis, Willie Brown, and Jaycee Wise are **TERMINATED** as parties for failing to sign the Complaint and/or file applications to proceed in forma pauperis;

    B.  The Complaint is **DISMISSED** for failure to state a claim;

    C.  Amendment to the complaint would be futile.

2.  Edmon Gasaway's request that his objection to the R&R (Doc. 19) also serve as an application to proceed in forma pauperis is **GRANTED** for the sole purposes of filing the complaint, otherwise his objections are **OVERRULED;**

3.  McCall's objections (Docs. 16-18, 20-22) to the R&R are **OVERRULED;**

4.  The motion for hearing (Doc. 2) and motion for a temporary restraining order (Doc. 5) are **DENIED;**

5.  McCall's motion for leave to proceed in forma pauperis (Doc. 7) is **GRANTED** for the sole purposes of filing the complaint;

6.  The Clerk of Court shall **CLOSE** this case; and

7.  Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

United States District Judge